CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

FEB 14 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. I ask that you listen carefully and not take notes.

1

## DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## EVIDENCE: LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated--that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1.    Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

5. You have heard some mention of other proceedings. You should not speculate about those proceedings and must draw absolutely no inference

3

from the fact that there were other proceedings.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all other evidence in the case.

# INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in Court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may either reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

## GENERAL INSTRUCTIONS

At the beginning of the trial I read to you the two counts of the indictment. I will not reread the indictment here. Instead, I will detail the elements of the offenses.

Remember that you are here to decide whether or not the government has proved beyond reasonable doubt that the defendant is guilty of the crimes charged.

In reviewing the instructions you will note the use of certain terms which I will define for you now.

### "ON OR ABOUT"

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

### "KNOWINGLY"

The word "knowingly," as that term will be used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## COUNT ONE

Count One of the indictment charges the defendant with use of a firearm in furtherance of a crime of violence, that is, interstate stalking and causing the death of a person in the course of this violation. In order for the defendant to be found guilty of this charge, the government must prove beyond a reasonable doubt that the defendant:

**One:** On or about October 12, 1996, traveled in interstate commerce in order to commit a crime of violence, that is, interstate stalking;

**Two:** Knowingly used, possessed, or carried a firearm during and in relation to or in furtherance of interstate stalking; and

**Three:** In the course of that violation murdered Ann Olson with that firearm.

If the government fails to prove any one of these essential elements beyond a reasonable doubt you must find the defendant not guilty of Count One.

## COUNT TWO

Count Two of the indictment charges the defendant with use of a firearm in furtherance of a crime of violence, that is, interstate stalking, and causing the death of a person in the course of this violation.  In order for the defendant to be found guilty of this charge, the government must prove beyond a reasonable doubt that the defendant:

**One:** On or about October 12, 1996, traveled in interstate commerce in order to commit a crime of violence, that is, interstate stalking;

**Two:** Knowingly used, possessed, or carried a firearm during and in relation to or in furtherance of interstate stalking; and

**Three:** In the course of that violation murdered Keith O'Connell with that firearm.

If the government fails to prove any one of these essential elements beyond a reasonable doubt you must find the defendant not guilty of Count One.

## ELEMENT ONE

## INTERSTATE STALKING

As to Element One of Counts One and Two, the government must prove beyond a reasonable doubt that the defendant:

(A)    Traveled in interstate commerce;

(B)    So traveled in order to kill, injure, harass, or intimidate any person; and

(C)    As a result of such travel placed Ann Olson and/or Keith O'Connell in reasonable fear of death or serious bodily injury.

## INTERSTATE COMMERCE

Interstate commerce means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia.

12

## ELEMENT TWO

As to Element Two of Counts One and Two, the government must prove beyond a reasonable doubt that the defendant:

(1)    Knowingly used, possessed or carried a firearm;

(2)    During and in relation to or in furtherance of the crime of interstate stalking.

To find that the defendant used, possessed, or carried a firearm "during and in relation to or in furtherance of" a crime, you must simply find that the firearm facilitated, played some role in, or furthered the crime of interstate stalking.

13

## ELEMENT THREE

### CAUSE DEATH THROUGH THE USE OF A FIREARM

As to Element Three of Count One, the government must prove beyond a reasonable doubt that the defendant caused the death of Ann Olson through use of a firearm and that the killing is murder.

As to Element Three of Count Two, the government must prove beyond a reasonable doubt that the defendant caused the death of Keith O'Connell through use of a firearm and that the killing is murder.

### Murder

For you to find that the defendant "murdered" Ann Olson and Keith O'Connell within the meaning of Element Three of Counts One and Two, the government must prove premeditated murder, that is, killing with malice aforethought.

### Premeditated Murder

For the government to prove a premeditated murder it must prove beyond a reasonable doubt that the defendant:

**One:**    Killed Ann Olson and Keith O'Connell without

lawful justification;

**Two:**    Killed Ann Olson and Keith O'Connell with malice

14

aforethought; and,

**Three:** Killed Ann Olson and Keith O'Connell with premeditation.

To kill with malice aforethought means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is premeditated when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

You should consider all the facts and circumstances preceding, surrounding, and following the killing which tend to shed light upon the condition of mind of the defendant, before and at the time of the killing. No fact, no matter how small, no circumstance, no matter how trivial, which bears upon the questions of malice

aforethought and premeditation, should escape your careful consideration.

## PRESUMPTION OF INNOCENCE AND REASONABLE DOUBT

As I told you at the beginning of trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus, the defendant, even though charged, begins the trial with no evidence against him. So the presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crime charged.

There is no burden upon the defendant to prove that he is innocent, to call any witnesses, or to produce any evidence. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

## ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict--whether guilty or not guilty--must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, a separate crime is alleged against the defendant in each count of the

18

indictment. Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against the defendant.

You must give separate and individual consideration to each charge against the defendant.

Fourth, you may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fifth, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

Sixth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Finally, a verdict form is simply written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and

advise the marshal or bailiff that you are ready to return to the courtroom.